UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

WILLIAM PHILLIPS,

                        Plaintiff,

v.                                            5:13-CV-00955 (LEK/TWD)

CORTLAND COUNTY SHERIFF'S DEPARTMENT,

                        Defendants.
───────────────────────────────────────────────

APPEARANCES:

WILLIAM PHILLIPS
Plaintiff *pro se*
11 Greenbush Street
Cortland, NY 13045

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The Clerk has sent this *pro se* Complaint together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1 and 2.) Plaintiff William Phillips has commenced this civil rights action against the Cortland County Sheriff's Department pursuant to 42 U.S.C. § 1983.[1] For the reasons that follow, I grant Plaintiff's application to proceed *in forma pauperis*

---

[1] Plaintiff has filed two additional § 1983 actions. They are *William Phillips v. New York State, et al.*, No. 5:13-cv-00927 (DNH/TWD), and *William Phillips v. Cortland City Police*, No. 5:13-cv-00956 (GLS/TWD). There is insufficient factual content in any of the three complaints to ascertain whether the suits are related.

In his suit against New York State and the Cortland County District Attorney, Plaintiff has included no factual allegations as to New York State. He claims that the District Attorney used false statements in a court of law. More specifically, Plaintiff contends that the District Attorney continued to use the victim's statement in court even though he or she knew it was

and recommend the *sua sponte* dismissal of his Complaint.

## I. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that Defendant engaged in cruel and unusual punishment and harassment by "knowingly placing his] life in jeopardy (sic) by informing inmates of what [he] was in jail for." (Dkt. No. 1 at ¶¶ 4-5.) Plaintiff seeks damages in the amount of $200,000,000. *Id.* at ¶ 6.

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's *in forma pauperis* application, I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is granted.

## III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

---

false. I have recommended dismissal of Plaintiff's Complaint with prejudice in that case because his claim against New York State is barred by the Eleventh Amendment, and the District Attorney is entitled to absolute prosecutorial immunity with regard to Plaintiff's claim.

Plaintiff's sole allegation in his suit against the Cortland City Police is that the Police Department did not allow him to press charges against others who had done him wrong. I have recommended that the district court dismiss Plaintiff's Complaint because, as an administrative arm of the City of Cortland, the Police Department cannot be sued, and Plaintiff failed to state a claim against the City of Cortland. I recommended that dismissal of Plaintiff's Complaint in that action be with prejudice because the law is clear that there is no constitutional right to press criminal charges against another individual. Thus, a better pleading could not cure the deficiency in Plaintiff's claim. *See Sipe v. Harder*, No. 9:08-CV-1365 (FJS/ATB), 2010 WL 3418382, at *12, 2010 U.S. Dist. LEXIS 88416, at *39 (N.D.N.Y. Aug. 4, 2010).

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. at 678. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable

3

inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## IV.   ANALYSIS

The Cortland County Sheriff's Department ("Sheriff's Department") is the sole named Defendant. (Dkt. No. 1.) "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality, and therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dept*., 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); *see also Jenkins v. Onondaga County Sheriff's Dept.*, No. 5:12-CV-855 (GTS/ATB), 2012 WL 4491134, at *2, 2012 U.S. Dist. LEXIS 131860, at *7 (N.D.N.Y. June 28,

2012)² ("under New York law, departments, like the Onondaga County Sheriff's Department, that are merely administrative arms of a municipality, do not have a legal identity separate from the municipality and may not sue or be sued"); *Barreto v. Suffolk County*, No. 10-CV-0028 (JS)(AKT), 2010 WL 301949, at *2, 2010 U.S. Dist. LEXIS 4218, *7 (E.D.N.Y. Jan. 20, 2010) (finding the Suffolk County Sheriff's Department to be an arm of Suffolk County, without a separate legal identity and incapable of being sued). Thus, Plaintiff's claim against the Cortland County Sheriffs Department, which has no legal, separate identity apart from Cortland County, is not plausible. For that reason, I recommend that the claim against the Cortland County Sheriff's Department be dismissed with prejudice.

Because Plaintiff is proceeding *pro se*, I will construe his Complaint as being brought against Cortland County for purposes of my initial review. "[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978)) . To succeed on a § 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008), *cert. denied*, 558 U.S. 933 (2009).

Plaintiff's Complaint is devoid of factual allegations suggesting that the alleged cruel and unusual punishment and harassment – "knowingly placing his] life in jeopardy (sic) by

---

² Copies of unreported cases cited herein will be mailed to Plaintiff as a *pro se* litigant. *See Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

informing inmates of what [he] was in jail for" – was caused by a custom or official policy of Cortland County. (Dkt. No. 1 at ¶¶ 4-5.) Furthermore, under § 1983, governmental bodies are not vicariously liable for the actions of their employees, *Connick v. Thompson*, ___ U.S. ___, 131 S. Ct. 1350, 1359 (2011).

In the Second Circuit, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir. 1977). Plaintiff has failed to name the individuals members of the Sheriffs Department who are alleged to have placed his life in jeopardy by telling other inmates why he was in jail.[3] Even if he had, I would be compelled to conclude that Plaintiff's Complaint fails to state a claim under § 1983.

It is unclear from the allegations in the Complaint whether Plaintiff was a pretrial detainee or had been convicted of a crime. If Plaintiff was a pretrial detainee, his claim must be analyzed as a conditions of confinement claim under the Fourteenth Amendment's Due Process Clause, which provides that "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979). If Plaintiff had been convicted at the time of the acts alleged in the Complaint, his claim is one for cruel and unusual punishment under the Eighth Amendment. Inasmuch as the Second Circuit has determined that "[c]laims for deliberate indifference to a . . . serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment," it is not imperative that I know

---

[3] Individuals who cause a plaintiff to be deprived of a federal right while acting under color of state law may be sued for money damages in their individual capacity in a § 1983 action. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Plaintiff's status for my initial review. *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009).

Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of . . . inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and internal quotation marks omitted). In order to establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991). The Second Circuit has identified two factors that determine deliberate indifference. "First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent." *Hayes v. New York City Dept. of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996).

"A supported allegation that a correctional officer made statements intending to incite inmates to attack another inmate may state a claim under the Eighth Amendment or Fourteenth Amendment." *See Johnson v. Philling*, No. CV 12-2523-PHX-RCB (SPL), 2013 WL 2244593, at *3, 2013 U.S. Dist. LEXIS 71797, at *7 ( D. Ariz. May 21, 2013) (citing *Northington v. Jackson,* 973 F.2d 1518, 1525 (10th Cir. 1992)); *see also Young v. Coughlin*, No. 93 Civ. 262 (DLC), 1998 WL 32518, at*7, 1998 U.S. Dist. LEXIS 764, at *17-19 (S.D.N.Y. Jan. 29, 1998) (correctional officer's comments suggesting that plaintiff was a homosexual and directing other inmates to sexually harass and "jump" him could support an Eighth Amendment excessive force claim if they incited other inmates to assault plaintiff sexually, placing him at grave risk of assault); *Sanders v. Davis*, No. 11-cv-249-JPG, 2012 WL 43205, at *2, 2012 U.S. Dist. LEXIS

7

2178, at *5 (S.D. Ill. Jan. 9, 2012) (purposely inciting an inmate to attack another inmate creates a threat to bodily harm sufficient to implicate plaintiff's Eighth Amendment rights).

Plaintiff claims that the Sheriff's Department placed him at risk by telling other inmates why he was in jail. (Dkt. No. 1 at ¶¶ 4-5.) However, Plaintiff's Complaint does not disclose the reason for his arrest; does not identify (or name as defendants) the individual members of the Sheriff's Department alleged to have disclosed the information, or facts suggesting that those individuals possessed sufficient culpable intent; and fails to set forth any facts describing the incident or incidents of disclosure of which Plaintiff complains. Furthermore, while he claims his life was in jeopardy, Plaintiff does not allege facts suggesting that he, in fact, was attacked by other inmates, or that he sustained any injuries or damage at all as a result of the alleged disclosures. In short, Plaintiff has failed to make a facially plausible showing that he was "incarcerated under conditions posing a substantial risk of serious harm," and that Defendant possessed "sufficient culpable intent." *Hayes*, 84 F.3d at 620.

Even if Plaintiff had commenced this lawsuit against individual members of the Sherriff's Department, his "unadorned, the-defendant-harmed-me accusation," *Iqbal*, 556 U.S. 678, would not have been enough for his Complaint to survive initial review. Therefore, I recommend that Plaintiff's Complaint be dismissed.

Mindful that a *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez,* 171 F.3d at 795, I recommend that Plaintiff be granted leave to amend his

Complaint so that he will have an opportunity to add as defendants the individual members of the Sheriff's Department whom he claims were responsible for the disclosures that allegedly placed his life in jeopardy, and to set forth sufficient facts to support his claim.[4]

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be dismissed; and it is further

**RECOMMENDED** that Plaintiff's claim against Defendant Cortland County Sheriff's Department be dismissed with prejudice; and it is further

**RECOMMENDED** that Plaintiff otherwise be granted leave to amend his Complaint, including leave to add the individual members of the Cortland County Sheriff's Department whom Plaintiff claims were personally involved in the acts complained of in this action, and, if there is a factual basis for doing so, the County of Cortland; and it is hereby

**ORDERED** that the Clerk's Office provide Plaintiff with copies of all unpublished decisions cited herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

---

[4] In the highly unlikely event Plaintiff is able to plead facts showing that the disclosure of which he complains was made pursuant to an official policy or custom of Cortland County, Plaintiff presumably could also add Cortland County as a defendant in an amended complaint.

9

**PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: September 30, 2013
      Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge